RECORD NO. 13-4793

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**OSMAN WHITE,**

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

### BRIEF OF APPELLANT

**Anthony G. Scheer**
**RAWLS, SCHEER, FOSTER, MINGO & CULP, PLLC**
**1011 East Morehead Street, Suite 300**
**Charlotte, North Carolina 28204**
**(704) 376-3200**

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF SUBJECT MATTER JURISDICTION ......................................1

ISSUES PRESENTED FOR REVIEW ....................................................................1

STATEMENT OF THE CASE..................................................................................2

       A.     Procedural History..................................................................................2

       B.     The Drug Case........................................................................................3

       C.     The Hobbs Act Case...............................................................................4

       D.     Appellant's Cooperation ........................................................................5

       E.     Sentencing ..............................................................................................6

SUMMARY OF THE ARGUMENT ........................................................................8

ARGUMENT .............................................................................................................8

       I.     A "Departure" Within the Guideline Range was Erroneous..................8

              A.     Standard of Review......................................................................8

              B.     Discussion ...................................................................................9

       II.    Government Breached the "No Upward Departures/Variances" Clause in the Plea Agreement when it Argued for the "Vulnerable Victim" Enhancement (pursuant to Anders v. California) ...........................................................................................11

              A.     Standard of Review....................................................................11

              B.     Discussion .................................................................................11

CONCLUSION ............................................................................................... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s)

CASES

Anders v. California,
 386 U.S. 738 (1967)..................................................................................1, 11

United States v. Dawson,
 587 F.3d 640 (4th Cir. 2009) ............................................................................11

United States v. Manigan,
 592 F.3d 621 (4th Cir. 2010) ..............................................................................8

United States v. Pillow,
 191 F.3d 403 (4th Cir. 1999) ............................................................................10

United States v. Vasquez-Lebron,
 582 F.3d 443 (3d Cir. 2009) .............................................................................10

STATUTES

18 U.S.C. § 2 ..............................................................................................................2

18 U.S.C. § 922(g) .....................................................................................................2

18 U.S.C. § 924(c) .....................................................................................................2

18 U.S.C. § 1951(a) ...............................................................................................2, 3

18 U.S.C. § 1956(h) ...................................................................................................3

18 U.S.C. § 3231 ........................................................................................................1

18 U.S.C. § 3742 ........................................................................................................1

21 U.S.C. § 841(a)(1).................................................................................................2

21 U.S.C. § 841(b)(1)(C) ................................................................................... 2

28 U.S.C. § 1291 ............................................................................................... 1

GUIDELINES

U.S.S.G. § 1B1.1 App. Note 1(E) ................................................................... 10

U.S.S.G. § 5K1.1 ....................................................................................5, 9, 12

STATEMENT OF SUBJECT MATTER JURISDICTION

This matter was prosecuted in the United States District Court for the Western District of North Carolina, Charlotte Division. Judgment was entered by the district court on Appellant's pleas to offenses in two separate indictments: Possession with intent to sell cocaine and marijuana in case number 3:11cr141 and a Hobbs Act robbery in case number 3:12cr13. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This appeal is from the final Order imposing sentence upon Appellant announced in court on August 29, 2013 and filed on October 17, 2013. The Judgment and Commitment Order disposed of all claims between the parties. Jurisdiction of the Court of Appeals is founded upon 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

ISSUES PRESENTED FOR REVIEW

I.  Whether the district court erred when it sentenced Appellant within the guideline range after finding substantial assistance and deciding that a departure was warranted?

II. Whether the Government breached the plea agreement by arguing for the "vulnerable victim" enhancement when the plea agreement barred it seeking upward departures and variances? (submitted pursuant to Anders v. California, 386 U.S. 738 (1967))

## STATEMENT OF THE CASE

A.   Procedural History

The judgment from which this appeal is taken incorporated two separate indictments.  What follows is a summary of those proceedings and how the cases became consolidated.  Appellant was indicted in case number 3:11cr141 (hereinafter collectively referred to as "the drug case") on May 17, 2011 and charged in Count 1 with possession with intent to sell and distribute cocaine and marijuana (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)), Count 2 with possession of a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c), and in Counts 3 and 4 of being a felon in possession of a firearm (18 U.S.C. § 922(g)).  He was arrested on that indictment on May 20, 2011 and has been held in custody continuously since then.

While in custody on the drug case on December 20, 2011, Appellant was charged in a criminal complaint (along with 5 codefendants) with obstructing, delaying and affecting interstate commerce by robbery in violation of the Hobbs Act (hereinafter collectively referred to as "the Hobbs Act case").  On January 17, 2012, he and the same codefendants were indicted in case number 3:12cr13 and charged in Count 1 with a conspiracy to commit that Hobbs Act robbery (18 U.S.C. §§ 1951(a) and 2), and in Count 2 with the substantive commission of the

2

robbery (18 U.S.C. § 1951(a)).[1]  On April 18, 2012, a superseding indictment was returned adding a Count 4 to the Hobbs Act case alleging a conspiracy to commit money laundering (18 U.S.C. § 1956(h)).

On August 29, 2012, Appellant entered a guilty plea pursuant to a plea agreement to Count 2 in the drug case (substantive drug possession count) and Count 1 in the Hobbs Act case (the robbery conspiracy).  Following the plea, Appellant cooperated with the Government and ultimately testified in the trial of one of his codefendants in the Hobbs Act case.  The codefendant was convicted.  On August 29, 2013, the court sentenced Appellant to a term of 140 months in the Bureau of Prisons ("BOP").  Appellant filed a *pro se* notice of appeal on September 5th, 2013.

B.   The Drug Case

Agents of the Bureau of Alcohol, Tobacco and Firearms ("ATF") conducted an undercover investigation of Appellant between February and April of 2010.  During that investigation, a total of 99 grams of cocaine and approximately 1 ounce of marijuana were purchased from Appellant.  Appellant also sold an ATF agent a 7.62 caliber assault rifle.  Appellant was a convicted felon and barred from possession of any firearm.  Though a confidential informant working with ATF

---

[1]  Three codefendants were also charged in Count 3 with possession of a firearm in furtherance of a crime of violence.  Appellant was not charged in that count because he had been in jail and was not directly involved in the robbery.

3

claimed to have witnessed considerably larger quantities of cocaine and marijuana, no such larger seizures or purchases were made. When agents effected a traffic stop of Appellant on April 22, 2010 at the conclusion of the undercover investigation, he was in possession of two handguns, $4000 in currency, but no drugs. He subsequently confessed to selling drugs and possessing the firearms. J.A. @ 174-75. Appellant cooperated with ATF and local law enforcement until his indictment and incarceration on those charges more than a year later on May 20, 2011. J.A. @ 170.

    C.    <u>The Hobbs Act Case</u>

In the fall of 2011 while in custody on the drug case in the Mecklenburg County Jail, Appellant met Roderick Hardin, who would later become his codefendant in the Hobbs Act case. He told Hardin about robberies that could be done using information from a friend, Timothy Donahue, who also later because a codefendant. Appellant told Hardin about a house and business in Rowan County where large sums of cash were kept, and explained that Donahue could give all the information necessary to steal that money. J.A. @ 176.

Appellant told Hardin how to connect with codefendant Leo McIntyre and Donahue after his release and thereby facilitated the robbery to come. Upon his release, Hardin planned and perpetrated the robbery along with Donahue, McIntyre, and Otis Sutton. J.A. @ 176. Hardin and Sutton went to the victims'

home on July 21, 2011. Using firearms, they restrained several residents at the home including 3 children, tied many of them up, and took a large amount of money (greater than $800,000 but less than $1,500,000) from a safe. J.A. @ 175. Acting on information received from an informant, authorities arrested Hardin on October 3, 2011 when he arrived at a storage unit where over $550,000 of cash was recovered. Hardin subsequently confessed and implicated his codefendants. J.A. @ 176. All were charged by Criminal Complaint in December 2011.

### D. Appellant's Cooperation

Appellant pleaded guilty in August of 2012 and was debriefed several times by the Government. Among the relevant terms of the Plea Agreement were that (1) the Government would dismiss the gun charges in the drug case and the money laundering charges in the Hobbs Act case (J.A. @ 66), (2) enhancements for use of a firearm, bodily injury and physical restraint would apply in calculating the guideline on the Hobbs Act case (J.A. @ 67), (3) the Appellant would cooperate and provide truthful information if asked to do so by the Government (J.A. @ 71), and (4) the Government, in its sole discretion, would determine whether that cooperation was "substantial" and move for a downward departure pursuant to U.S.S.G. § 5K1.1 (J.A. @ 72).

At his debriefings, Appellant provided detailed information about the planning of the robbery and translated recorded jail calls to clarify how they related

to the crime and inculpated his codefendants. Appellant's information about the codefendants was instrumental in securing pleas from codefendants Hardin (who had recanted his confession), McIntyre and Abdul White (for his role as an accessory after the fact). Appellant testified against Donahue at trial and provided crucial evidence in securing that conviction. J.A. @ 138-39, 193, 200-01.

E. <u>Sentencing</u>

In calculating the applicable guideline range, Probation applied enhancements for the use of a firearm (+6), bodily injury (+2), physical restraint (+2), and a loss amount between $800,000 and $1,500,000 (+4). J.A. @ 178. The resulting total offense level for both offenses was 31, with a criminal history category of II and a guideline range of 121-151 months. The Government objected to this calculation, arguing that the loss amount was greater than $1,500,000 (+1 point) and that it was foreseeable to Appellant that children would be present and 2 more points should be added for "vulnerable victim," thus totaling 3 more points than Probation had recommended. J.A. @ 163-65. Appellant did not object to Probation's recommended total offense level. J.A. @ 166-69. Probation did not modify its calculation in the final PSR.

On July 11, 2013, the Government filed a sentencing document styled "United States of America's Motion for Downward Departure." In it, the Government reiterated its position that 3 more points should be added resulting in a

6

total offense level of 34 and a guideline range of 168-210 months. The Government stated that Appellant had rendered "substantial assistance," but conditioned its request for a downward departure on a finding by the court that the additional enhancements applied and the starting range was 168-210, in which case the Government would move for a departure to 151 months. If the court ruled against the Government and the guideline range was 121-151, however, the Government's position was that he should receive no departure and be sentenced at the top of that range – 151 months. J.A. @ 198-203.

At the sentencing hearing on August 29, 2013, the court overruled the Government's objections as to enhancements, and found that the applicable guideline range was 121-151 months. While acknowledging that this range was relatively low given the nature of the offense and Appellant's role in it, the court noted that determination of the applicable guideline was an objective exercise. J.A. @ 142. The Government had characterized Appellant's testimony against Donahue as "fantastic." J.A. @ 139. The judge, who had presided over the trial, said Appellant was a "valuable witness" in a case that "was not a slam dunk" without Appellant's testimony. J.A. @ 138. Given the Government's 5K motion and the assistance, the court twice stated that Appellant was going to receive "some reduction." J.A. @ 140, 142. Having stated that, the court pronounced a sentence in the middle of the guideline range at 140 months. J.A. @ 145. In its

7

Statement of Reasons filed on October 17, 2013, the court stated that the sentence was within the advisory guideline range, did not note a "departure," but that the "seriousness of the offense of armed robbery was mitigated by his cooperation with the government." J.A. @ 204-07.

## SUMMARY OF THE ARGUMENT

Appellant argues that the District Court ultimately found Appellant had provided substantial assistance and that a reduction was warranted. The record demonstrates that the court granted the Government's 5K1.1 motion and intended downwardly depart. Where the guideline range was 121-151 months, a sentence of 140 months was not below the minimum of the guideline range and was, therefore, not a departure as defined in the Guidelines. The sentence represented a misapplication of the guidelines and the case should be remanded with direction that the court enter a sentence below 121 months.

## ARGUMENT

I.   A "Departure" Within the Guideline Range was Erroneous

   A.   Standard of Review

The appellate court reviews legal questions concerning district court's application of the sentencing guidelines *de novo* and reviews factual determinations for clear error. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010).

8

B.  Discussion

Appellant contends that the district court misapplied U.S.S.G. § 5K1.1 ("Section 5K1.1"). The court clearly agreed with the Government that his assistance had been "substantial" as that term is contemplated in the Guidelines. Having made that finding, the court stated three times that it intended to reduce Appellant's sentence based upon substantial assistance. "And when I balance out the seriousness of this together with the cooperation … I have to come out with a significant sentence. And I'm going to give you something off. I'm going to hear from [the AUSA], but I'm going to take something off for him." J.A. @ 135-36. "[S]o to be able to give him something for testifying in the trial, I'm going to have to knock something off. I'm not going to take a huge amount off, but I'm going to have to take something off *in order to give value to the 5K*." J.A. @ 140 (emphasis added). "[T]he court feels that once having found the guideline range *and the government filing a 5K*, that some reduction ought to be implicated there." J.A. @ 142 (emphasis added).

When the Court filed the Statement of Reasons several weeks after sentencing, it checked box "B" in Section IV stating "[t]he sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons." It did not check boxes "C" or "D" regarding departures of variances. J.A. @ 204. This is not inconsistent with the Court's

9

statements at sentencing which indicated it was granting the 5K motion. Box B accurately stated that the sentence was within the guideline range. Boxes C and D would only have been appropriate if the sentence had been outside the range. In fact, Box B incorporated by reference the comments from Section VIII which appear to explain a departure: The "seriousness of the offense of armed robbery was mitigated by his cooperation with the government." J.A. @ 204-07.

The guideline range was 121-151. The court sentenced Appellant to 140 months – below the maximum but well above the bottom of the range. Appellant contends that the court believed a reduction from the guideline maximum of 151 but still within the guideline, legally constituted the 5K1.1 departure it intended to award. This was a misapplication of guidelines.[2]

A 5K1.1 "downward departure" is defined to be a "departure that effects a sentence less than a sentence that could be imposed under the applicable guideline range or a sentence that is otherwise less than the guideline sentence." U.S.S.G. § 1B1.1 App. Note 1(E). When a district court grants a motion for a substantial assistance departure, it must impose a sentence *below the bottom of the guideline range*. U.S. v. Vasquez-Lebron, 582 F.3d 443, 445 (3d Cir. 2009)(emphasis

---

[2]  Appellant concedes that a district court's discretionary refusal to downwardly depart is not reviewable on appeal. In the present case, however, the court erred in applying a legal principle (the definition of "departure"), and that issue is appealable. U.S. v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999).

10

added). In order to give effect to its finding and intent, the court in the present must give a sentence less than 121 months.

II. Government Breached the "No Upward Departures/Variances" Clause in the Plea Agreement when it Argued for the "Vulnerable Victim" Enhancement (pursuant to Anders v. California)

A. Standard of Review

The alleged breach of the plea agreement by the Government in seeking an enhancement for "vulnerable victim" is reviewed for plain error where the defendant did not object at sentencing. U.S. v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

B. Discussion

Appellant (personally) contends that the Government breached the plea agreement in seeking the "vulnerable victim" enhancement, because the plea agreement barred the parties from arguing for upward variances of departures. The Plea Agreement provided that "[t] parties agree that the appropriate sentence is one within 'the applicable guideline range' … and the Government will not seek an upward departure or variance from that range." It also provides "that applicable enhancements under the U.S.S.G. include, *but may not be limited to* [use of firearm, bodily injury and physical restraint]." J.A. @ 67.

Appellant reasons that any request for a higher guideline than the one proposed by Probation in the PSR violated the promise not to seek an upward

11

departure or variance. Counsel for Appellant does not agree that there was a breach of the Plea Agreement in this manner because in seeking an enhancement within the Guidelines, the Government was not arguing for a departure or variance outside the Guidelines. Nonetheless, Appellant requests that this court review the record for any possible breach of the Plea Agreement on the part of the Government.

## CONCLUSION

Appellant respectfully requests that (1) this court vacate the sentence in this matter based upon the improper application of U.S.S.G. § 5K1.1 and remand it for resentencing in accordance with that ruling, and (2) review the record to determine if Appellant has raised a meritorious issue regarding the alleged violation of the plea agreement set forth above. Appellant also requests oral argument in this matter.

Respectfully submitted, this the 24th day of February, 2014.

/s/ ANTHONY G. SCHEER
ANTHONY G. SCHEER
NC Bar # 19257
Attorney for the Defendant
Rawls, Scheer, Foster, Mingo & Culp, PLLC
1011 East Morehead Street, Suite 300
Charlotte, North Carolina 28204
704-376-3200 (office)
704-332-2716 (fax)
tscheer@rsfmlaw.com

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,700*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: February 24, 2014                    /s/ Anthony G. Scheer
                                            *Counsel for Appellant*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of February, 2014, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    100 Otis Street, Room 233
    Asheville, North Carolina  28801
    (828) 271-4661

    *Counsel for Appellee*

I further certify that on this 24th day of February, 2014, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

                                       /s/ Anthony G. Scheer
                                       *Counsel for Appellant*