IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|           Plaintiff-Appellee,                          ) | |
|                                                                  ) | |
|           vs.                                                  ) | DOCKET NO. 13-4793 |
|                                                                  ) | |
| OSMAN WHITE,                                     ) | |
|           Defendant-Appellant.                    ) | |

_____

APPELLANT'S RESPONSE TO MOTION TO DISMISS

NOW COMES the Appellant Osman White, by and through the undersigned Counsel, and offers this response to Appellee's Motion to Dismiss, filed on May 28, 2014.

Appellee has moved to dismiss that portion of this appeal in which Appellant argues that the sentencing court misapplied the Sentencing Guidelines by not sentencing below the bottom of the Guideline range after finding that a departure based upon U.S.S.G. § 5K1.1 was warranted. Appellee points to the terms of an appeal waiver contained in the plea agreement in this case and asserts that it bars this claim.

The plea agreement provides that the "Defendant [] knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed" with the exception of ineffective assistance of counsel or prosecutorial misconduct. J.A. @ 70. Appellant concedes that this waiver, if

given effect, is broad enough to bar his appeal based on the claimed misapplication of the Guidelines.  See U.S. v. Brown, 232 F.3d 399, 404 (4th Cir. 2000) (appeal was barred in the absence of an express exception for misapplication of the Guidelines within the plea agreement's waiver).

This is not the case, however, if the Plea Agreement has been breached.  The Plea Agreement is a contract between the Government and Appellant, and the appellate waiver is a material term of that contract.  In his second claim of error, Appellant asserts that the Government breached the Plea Agreement in arguing for enhancements which were not set forth by Probation in the Presentence Investigation Report.  That breach would relieve Appellant of his obligations under the Plea Agreement and the appellate waiver would have no effect.  U.S. v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001).

Appellant has set forth his argument that the Plea Agreement was breached in his opening brief.  If the court finds such a breach, the Appellee's Motion to Dismiss should be denied.

Respectfully submitted, this the 9th day of June, 2014.

_____
s/ANTHONY G. SCHEER
Rawls, Scheer, Foster, Mingo & Culp, PLLC
1011 E. Morehead Street, Suite 300
Charlotte, North Carolina 28204
(704)-376-3200
tscheer@rsfmlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

    AUSA Amy Ray
    amy.ray@usdoj.gov

This the 9th day of June, 2014.

_____
s/ANTHONY G. SCHEER
Rawls, Scheer, Foster, Mingo & Culp. PLLC
1011 E. Morehead Street, Suite 300
Charlotte, North Carolina 28204
(704)-376-3200
tscheer@rsfmlaw.com